UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sherry A. Querin,

Plaintiff

v.

Commissioner of Social Security,

Defendant

Case No. 3:20-cv-1760

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

Before me is the Report & Recommendation ("R & R") of Magistrate Judge Darrell A. Clay. (Doc. No. 16). Judge Clay recommends I affirm the final decision of the Commissioner of the Social Security denying Plaintiff Sherry A. Querin's application for Disability Insurance Benefits. Querin timely filed objections to Judge Clay's R & R, (Doc. No. 17), and the Commissioner responded. (Doc. No. 18).

## II. BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Querin, I hereby incorporate and adopt, in full, the "Procedural Background" and "Factual Background" sections set forth in the R & R. (Doc. No. 16 at 1-9).

## III. STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a determination by the Commissioner of Social Security under the Social Security Act, a district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); 42 U.S.C. § 405(g).

A district judge "may not reverse a decision supported by substantial evidence, even if [he] might have arrived at a different conclusion." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005). Still, a district judge must reverse even a decision supported by substantial evidence "where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

Importantly, a district judge "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)) (alteration added by *Fleischer*). "[T]he Court's obligation is to review the ALJ's rationale, not invent a

new one or speculate as to how the ALJ might have reached her conclusion." *Freeze v. Comm'r of Soc. Sec.*, No. 18-12960, 2019 WL 4509130, at *2 (E.D. Mich. Sept. 19, 2019).

## IV. Discussion

In the R & R, Judge Clay concluded Querin had mischaracterized statements contained in the functional assessment of consultative examiner Andria Doyle, Ph.D. (Doc. No. 16 at 14-15). The mischaracterized statements related to Querin's limitations in performing tasks and handling stress. Querin purports to object to Judge Clay's findings regarding "mischaracterization" but, in fact, challenges the ALJ's residual functional capacity ("RFC") determination. (Doc. No. 17). Specifically, with her objections, Querin contends the ALJ failed to account for Dr. Doyle's opinions related to Querin's limitations in performing tasks and handling stress when assessing her RFC.

Querin's arguments stem from the following responses by Dr. Doyle in her functional assessment:

> 2. Describe the claimant's abilities and limitations in maintaining attention and concentration, and in maintaining persistence and pace, to perform simple tasks and to perform multi-step tasks.
>
> She appeared generally able to maintain attention during the present clinical interview although some distractibility was noted and performance on an examination of her mental status did suggest deficits in attention. Her history of frequent job changes when job stress arose suggests difficulty in maintaining persistence and pace. There appeared to be current limitations to perform simple tasks and multi-step tasks, such as activities of daily living (e.g., eating, bathing).
> …
>
> 4. Describe the claimant's abilities and limitations in responding appropriately to work pressures in a work setting.
>
> She did report or demonstrate psychological symptoms that would likely interfere with work-related stress tolerance abilities. Specifically, this claimant presents with posttraumatic stress disorder with panic attacks secondary to childhood sexual abuse. She presents with depressive symptoms that have persisted throughout her lifetime and that are currently moderate in severity. She presents with a recent acute dissociative reaction to stress. The claimant noted a history of difficulty handling stress appropriately ( e.g., experiencing panic attacks in response to stress). She

> may respond quite negatively to perceived pressures at work ( e.g., become easily overwhelmed, tearful, have difficulty completing complex tasks that require sustained attention or memory).

(Doc. No. 11 at 530).

Based on the first response restated above, Querin asserts the ALJ failed to account for "Dr. Doyle's opinion [finding] Plaintiff was limited in her ability to perform simple and multi-step tasks." (Doc. No. 17 at 2). This argument is based on an oversimplified reading of Dr. Doyle's response to the prompt at issue. Contrary to Querin's suggestion, Dr. Doyle did not make a bare conclusion that Querin is limited in her ability to perform tasks. Instead, Dr. Doyle responded that Querin's "abilities and limitations in maintaining attention and concentration, and in maintaining persistence and pace" limit her ability to perform tasks. (Doc. No. 11 at 530). And more specifically, Dr. Doyle concluded Querin's ability to perform tasks is limited by her "deficits in attention" and "difficulty in maintaining pace and persistence." (*Id.* at 530).

Seemingly because Querin did not appreciate that Dr. Doyle's conclusion must be read in the context of the prompt and in relation to Dr. Doyle's full response, she did not recognize that the ALJ did account for Dr. Doyle's opined limitations to Querin's task performance when assessing her RFC. As the ALJ explained,

> Due to her mental health impairments causing moderate limitations on her ability to maintain concentration, persistence, and pace, the claimant is also limited to simple, routine, and repetitive tasks, but not at a production rate pace. She is also limited to simple work-related decisions.

(*Id.* at 35). In other words, because of Querin's "deficits in attention" and "difficulty in maintaining pace and persistence," the ALJ included the following limitations in the RFC: "She is also limited to performing simple, routine and repetitive tasks, but not at a production rate pace, for example, no assembly line work; she is limited to simple work-related decisions." (*Id.* at 31). Thus, contrary to Querin's allegation, the ALJ did not "simply state" Querin was "limited to performing simple,

routine and repetitive tasks" while inexplicably failing to account for further limitations opined by Dr. Doyle. (Doc. No. 17 at 2-3).

Querin's challenge to the RFC's stress-related limitations similarly fails. Before me, Querin suggests the ALJ failed to incorporate any limitations related to Querin's ability to handle stress into the RFC, asserting, "the RFC should have incorporated some aspect of Plaintiff's limitations in stress management." (*Id* at 4). But in doing so, she ignores the ALJ's discussion of Querin's ability to "adapt or manage" herself as well as the ALJ's explanation of the RFC determination.

When evaluating Querin's ability to "adapt or manage" herself, the ALJ discussed Dr. Doyle's stress-related findings at length. (Doc. No. 11 at 30). Based at least in part on those findings, the ALJ concluded Querin "has no more than moderate limitations in the ability to adapt or manage oneself due to her mental impairments." (*Id.*). In turn, when assessing Querin's RFC, the ALJ explained,

> [H]er moderate difficulties adapting and managing herself support limiting her to tolerating few changes in the work setting, defined as routine job duties performed in a stable, predictable work setting. Any necessary changes need to occur infrequently and be adequately and easily explained.

(*Id.* at 35). Read together, it is clear that the ALJ incorporated the following limitations into the RFC to account for Querin's stress management limitations observed by Dr. Doyle: "She is limited to tolerating few changes in the work setting, defined as routine job duties that remain static and are performed in a stable, predictable work setting. Any necessary changes need to occur infrequently, and be adequately and easily explained." (*Id.* at 31). Therefore, I reject Querin's assertion that the ALJ failed to incorporate Dr. Doyle's findings related to Querin's ability to manage stress.

Ultimately, rather than substantively challenging the ALJ's findings regarding her abilities to perform tasks and manage stress, she ignores them. Therefore, I conclude Querin has not stated a meaningful challenge to the RFC and reject any suggestion that the RFC is not supported by substantial evidence.

## V. CONCLUSION

For the foregoing reasons, I overrule Querin's objections and adopt Judge Clay's recommendation that the Commissioner's decision be affirmed. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge